UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO MEZA-CRUZ,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>MICHAEL L. BENOV,<br><br>　　　　Respondent. | Case No.: 1:14-cv-00641-AWI-JLT<br><br>FINDINGS AND RECOMMENDATIONS GRANTING RESPONDENT'S MOTION PETITION AS MOOT (Doc. 11)<br><br>ORDER DIRECTING THAT OBJECTIONS BE FILED WITHIN 21 DAYS |

　　　　Petitioner is a federal prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

### PROCEDURAL HISTORY

　　　　The instant petition was filed on April 30, 2014, challenging the validity of a prison disciplinary hearing on the grounds that the hearing was conducted by and a decision rendered by an employee of the privately-run prison rather than by an employee of the Bureau of Prisons ("BOP") , as required by federal law.  (Doc. 1).  On May 6, 2014, the Court ordered Respondent to file a response to the petition.  (Doc. 4).   On July 7, 2014, Respondent filed the instant motion for motion to dismiss the petition as moot, contending that Petitioner had already received the relief requested in the petition when the disciplinary proceedings were reviewed and the decision affirmed by an authorized employee of the BOP.  (Doc. 11).  On July 21, 2014, Petitioner filed his opposition to the motion to dismiss, contending, for the first time, that his due process rights were violated pursuant to Wolff v.

1  McDonnell, 418 U.S. 539, 556-557 (1974), when the "hybrid" rehearing occurred before both
2  employees of the private corporation that runs the prison and the BOP.  (Doc. 12, pp. 2-3).  On August
3  26, 2014, the Court issued an Order to Show Cause why the petition should not be dismissed as moot.
4  (Doc. 13).  That Order to Show Cause gave Petitioner thirty days within which to file a response.  To
5  date, Petitioner has not filed a response to the Order to Show Cause.

## DISCUSSION

7       The case or controversy requirement of Article III of the Federal Constitution deprives the
8  Court of jurisdiction to hear moot cases.  Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 104
9  S.Ct. 373, 374-75 (1983); N.A.A.C.P., Western Region v. City of Richmond, 743 F.2d 1346, 1352
10 (9th Cir. 1984).  A case becomes moot if the "the issues presented are no longer 'live' or the parties
11 lack a legally cognizable interest in the outcome."  Murphy v. Hunt, 455 U.S. 478, 481 (1982).  The
12 Federal Court is "without power to decide questions that cannot affect the rights of the litigants before
13 them." North Carolina v. Rice, 404 U.S. 244, 246 (1971) *per curiam*, *quoting* Aetna Life Ins. Co. v.
14 Hayworth, 300 U.S. 227, 240-241 (1937).

15      Here, the instant petition requests that the custody credits forfeited as a result of the
16 disciplinary hearing be restored because the hearing was unauthorized.  (Doc. 1, p. 9).  However,
17 Petitioner has not established that he is legally entitled to such relief.  To the contrary, his contention is
18 that the hearing was not conducted by and the decision was not made by an employee of the BOP as
19 required by federal law.  Any relief, therefore, that this Court could require based on Petitioner's
20 claims would be to ensure that he obtains a rehearing of the disciplinary charges before an authorized
21 employee of BOP.   Petitioner has not cited, and the Court is unaware of, any federal precedent that
22 would automatically require dismissal of the disciplinary charges and restoration of the forfeited
23 credits where Petitioner has been given a rehearing before authorized personnel.

24      This appears to be precisely the relief provided by Respondent, as evidenced by the
25 declaration attached to the motion to dismiss, which establishes that, on May 20, 2014, Petitioner's
26 disciplinary hearing and the decision issued therein were reheard and approved by an employee of the
27 BOP, as required by federal regulations and statutes.  (Doc.11, Ex. 1, Decl. of Christopher Cruz, p. 3).
28 Because Petitioner has received the relief he was entitled to seek in the petition, and because there is

no further relief that this Court can provide to Petitioner, the petition is now moot. Hence, Respondent's motion to dismiss should be granted.

Petitioner's reliance upon the due process requirements set forth in Wolff is misplaced. Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be diminished by the needs and objectives of the institutional environment. Wolff v. McDonnell, 418 U.S. at 555, 94 S. Ct. 2963. Prison disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights in such proceedings. Id. at 556. Thus, a prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison. Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989), citing Superintendent, etc. v. Hill, 472 U.S. 445, 454-455, 105 S. Ct. 2768 (1984).

However, when a prison disciplinary proceeding may result in the loss of good time credits, due process requires that the prisoner receive: (1) advance written notice of at least 24 hours of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. Hill, 472 U.S. at 454; Wolff, 418 U.S. at 563-567. In addition, due process requires that the decision be supported by "some evidence." Hill, 472 U.S. at 455, citing United States ex rel. Vatauer v. Commissioner of Immigration, 273 U.S. 103, 106 (1927).

> We hold that the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits. This standard is met if "there was some evidence from which the conclusion of the administrative tribunal could be deduced...." United States ex rel. Vajtauer v. Commissioner of Immigration, 273 U.S., at 106, 47 S.Ct., at 304. Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board. See ibid.; United States ex rel. Tisi v. Tod, 264 U.S. 131, 133–134, 44 S.Ct. 260, 260–261, 68 L.Ed. 590 (1924); Willis v. Ciccone, 506 F.2d 1011, 1018 (C.A.8 1974).

Superintendent v. Hill, 472 U.S. at 455–56. The Constitution does not require that the evidence logically preclude any conclusion other than the conclusion reached by the disciplinary board; rather, there need only be some evidence in order to ensure that there was some basis in fact for the decision.

Id. at 457.

As can readily be seen from the foregoing case law, nothing therein speaks to the instant situation, i.e., where the hearing officer presiding over the disciplinary hearing appears to be unauthorized by statute or regulation.  Petitioner does not contend that he was not given advance written notice of at least 24 hours of the disciplinary charges, or that he was denied an opportunity to call witnesses and present documentary evidence in his defense, or that he was not provided with a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. Hill, 472 U.S. at 454.  Nor does Petitioner argue that the decision was not supported by "some" evidence.  Id.  Rather, his sole claim for relief goes to the legal power of an employee of the private corporation running his prison, as distinct from an employee of the BOP, to conduct that hearing. Neither Hill nor Wolff speak to that specific situation, and, certainly, nothing in either case suggests that the use of an unauthorized hearing officer rises to the level of a federal due process violation.  To the contrary, Wolff and Hill exhaustively set forth the limited circumstances that might constitute a federal due process violation; use of an unauthorized hearing officer is not among them.  However, use of an unauthorized hearing officer may indeed constitute a violation of federal *statutory* or *regulatory* law, and, consequently, as in this case, may be rectified by providing a rehearing before a duly authorized employee of the BOP.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss (Doc. 11), be GRANTED.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within 21 days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within ten days (plus three days if served by mail) after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The

1  parties are advised that failure to file objections within the specified time may waive the right to
2  appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
3
4  IT IS SO ORDERED.
5      Dated:   **October 9, 2014**                        **/s/ Jennifer L. Thurston**
6                                                       UNITED STATES MAGISTRATE JUDGE